MELISSA HOLYOAK, United States Attorney (#9832)
CLARK A. HARMS, Special Assistant United States Attorney (#5713)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682
Email: charms@webercountyutah.gov

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> COLIN JAMES MEEHAN, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING, AND MOTION FOR PRE-TRIAL SUPERVISION WITH CONDITIONS** <br><br> Case No. 1:26-CR-00005-002 DS <br><br> MAGISTRATE JUDGE DAPHNE A. OBERG |

☒      The United States is not seeking detention. However, based on statutory presumptions of detention, the United States is seeking Pre-Trial Supervision with conditions.

☐      Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☐      The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with one or more of the following, there is a presumption of detention. However, in lieu of seeking detention, based on the statutory presumptions, the United States asks this court to order Pre-Trial Supervision of the Defendant with conditions as delineated hereinafter. The basis upon which Defendant could be presumed to be detained are:

☐  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☒  **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒  **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐  **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐  **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

### OR

☒  Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒  **(A)** a serious risk the defendant will flee; **or**

☐  **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days,

and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

### Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum

term of imprisonment of 10 or more years is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

### Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐  The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

1- <u>Factual summary of the offense:</u>

On 01/20/26, Weber Morgan Narcotics Strike Force (WMNSF) agents in conjunction with the Utah Highway Patrol interdiction team conducted a traffic stop at MM 121, Beaver County, Utah in furtherance of a multi-state drug trafficking investigation, in order to serve a previously obtained search warrant on Justin Rankin (Rankin) and his vehicle. Rankin was driving and had with him a passenger (Colin Meehan). Meehan had been observed by police in Nevada with Rankin throughout Rankin's trip to Nevada to obtain drugs.  Meehan was found to have an arrest warrant from Salt Lake County for failure to appear for court.

In the passenger compartment agents located multiple backpacks and purses. In one bag/purse, multiple items of drug paraphernalia were located. A different black "Coach" style backpack contained two large Ziploc plastic bags. One bag contained a large amount of suspected methamphetamine. The other plastic bag contained a white powder-like substance suspected to be fentanyl powder.

Agents conducted recorded interviews with Rankin and Meehan following *Miranda* warnings and waivers.  Rankin admitted that he possessed the fentanyl and methamphetamine for distribution. He discussed the cost he paid for the drugs and the amount he sold it for in Weber County. In his separate interview, Meehan admitted that he was traveling with Rankin and knew they went to Nevada to get more drugs for sale. He also told agents that Rankin was charged $3,000 an ounce for fentanyl powder.

The evidence seized from Rankin and Meehan included 521.9 grams of fentanyl powder and 910.4 grams of methamphetamine. The fentanyl powder tested positive for fentanyl and the methamphetamine tested positive for methamphetamine.

2- Since is arrest Defendant Meehan as failed to appear for court in Beaver County. At the time of his arrest, Mr. Meehan had an active arrest warrant in Salt Lake

County for failure to appear for court.  Since his indictment in this matter on February 4, 2026, an arrest warrant issued by this court has been outstanding and not yet served.

3- Defendant has a history of violating prior paroles and supervisions.

4- However, despite all presumptions and Mr. Meehan's previous failures to appear for various court hearings, he has not been arrested on other criminal charges or incidents since January 20, 2026.

5- In addition, he has voluntarily checked himself into, and currently resides at Odyssey House substance abuse residential treatment center. The instant Initial Appearance and Arraignment was initiated because Mr. Meehan contacted the government's attorney to inform him of his whereabouts and to seek to appear in court, which led to the assignment of Ms. Lazaro as anticipated counsel from the CJA panel and led to the scheduling of this Initial Appearance and Arraignment.

6- Based on the totality of the circumstances the United States moves for the withdrawal of Mr. Meehan's current arrest warrant issued in this case, and further moves for the release of Mr. Meehan on Pre-Trial Services supervision with the United States Probation Office for the District of Utah, with the following conditions:

   a. The Court's standard and usual supervision conditions;
   b. Random drug testing at the discretion of his pre-trial supervisor, with the first such test to occur on July 23, 2026 and thereafter as directed by his probation officer;
   c. No direct, indirect or third party contact with co-defendant Justin Rankin;
   d. Mr. Meehan must remain at Odyssey House, must engage with treatment, and must successfully complete all in-patient, out-patient and/or sober living portions of the program;
   e. Mr. Meehan may not change substance abuse treatment programs without the prior authorization of his probation officer and the Court;
   f. Mr. Meehan may not change his residence without the prior authorization of his probation officer and the Court;
   g. Mr. Meehan must clear any outstanding arrest warrants issued by any state, county or municipal court no later than August 15, 2026;
   h. Mr. Meehan must appear at all Court hearings in any pending case against him, regardless of jurisdiction;

      i.  Mr. Meehan may not leave Salt Lake County except to attend court as required;

      j.  Mr. Meehan must comply with any electronic monitoring, GPS, or other means of compliance as directed by his probation officer in the officer's discretion; and

      k.  Any other condition deemed appropriate or advisable by this Court or the probation office.

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of the victim(s) on the detention of the defendant is: that the Defendant be detained.

    ☐ The victim(s) in this matter seek(s) a no contact order.

    ☒ This matter does not involve a victim requiring notification.

DATED this 8th day of July, 2026.


_/s/ Clark A. Harms_____

CLARK A. HARMS

Special Assistant United States Attorney

7